UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FAMILY DOLLAR STORES OF INDIANA, LLC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NUMBER: 1:19 CV 00045<br>) |
| CEDAR CHALET, LLC. | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## **OPINION AND ORDER**

On September 7, 2017, a fire destroyed the building Plaintiff, Family Dollar Stores of Indiana, LLC.'s ("Family Dollar") leased from Defendant Cedar Chalet, LLC ("Cedar Chalet"). The fire spawned a series of lawsuits between the parties and another lessee, Gould's Sports Textiles, Inc., ("Gould's") in both state and federal courts. In this federal suit, Family Dollar seeks specific performance of the lease agreement between it and Cedar Chalet or, alternatively, it asserts Cedar Chalet's breach of that lease agreement.

Presently before the Court is Cedar Chalet's fully briefed Amended Motion to Dismiss pursuant to Fed.R.Civ.P 12(b)(7) for Failure to Join an Indispensable Party[DE 22]. After briefing was completed on this Motion, Family Dollar filed a Motion requesting to file Supplemental Authority, which this Court granted. That authority was filed on January 10, 2020. Cedar Chalet did not file any objection to Family Dollar's request to file the Supplemental Authority nor did it

1

request leave to file a brief responding to the Supplemental Authority. For the following reasons, Cedar Chalet's Motion will be DENIED.

## FACTUAL BACKGROUND

Family Dollar and Cedar Chalet are parties to a commercial lease agreement for property located at 104 North Detroit Street, Lagrange, Indiana (the "Lease"). [1][2] (Amended Complaint at ¶8). Gould's is a party to a separate commercial lease agreement between it and Cedar Chalet. As set out above, on September 7, 2017, a fire destroyed both the respective buildings Cedar Chalet leased to Family Dollar and Gould's.

On February 8, 2019, Family Dollar filed a federal Complaint in this Court alleging that Cedar Chalet failed to and/or refused to rebuild the commercial building under the terms of their Lease, ("the Federal Action"). Subsequently, on May 13, 2019, Cedar Chalet filed a State Court complaint against both Gould's and Family Dollar, ("the State Action"). As to Gould's, the State Action asserts negligence in causing the fire that destroyed both the property leased to Family Dollar and the property leased to Gould's. Cedar Chalet also sought declaratory relief in the State Action against Family Dollar as to the parties' respective rights and responsibilities under the terms of the Lease.

On July 1, 2019, Family Dollar moved to dismiss the State Action against it asserting that the same claims were pending in the Federal Action between Family Dollar and Cedar Chalet. On

---

[1] The state court case, captioned *Cedar Chalet v. Gould's Textiles, Inc. and Family Dollar Stores of Indiana, LLC, Cause No.* 44D01-1905-CT-00010, was filed in Lagrange Superior Court in Lagrange Indiana.

[2] Cedar Chalet, LLC, is the successor-in-interest to W.R. Thomas 5¢ to $1.00 Stores, Inc., who is the named Lessor/Landlord in the Lease. (Amended Complaint, at ¶3). As the successor-in-interest, Cedar Chalet assumed all the rights and responsibilities of the Landlord in the Lease.

2

December 4, 2019, the state court granted Family Dollar's Motion to Dismiss. [DE 36-1]. In that Order, the state court concluded as follows:

> …5. Plaintiff's claim against Defendant Family Dollar in this cause is substantially the same action that remains pending in the [Federal Action].
>
> 6. The pending claims in both causes relate to the rights and obligations of the parties in relation to the Lease Agreement for the property located at 104 North Detroit Street, LaGrange, Indiana and both seek specific performance or compensatory damages.
>
> 7. The Federal Court has retained exclusive jurisdiction over the original cause of action and therefore this Court does not have subject matter jurisdiction over the claims between Cedar Chalet, LLC and Family Dollar Stores of Indiana LLC
>
> 8. The Defendant Gould's Sports Textiles, Inc. is not an indispensable party to the claims between Cedar Chalet, LLC and Family Dollar Stores of Indiana LLC.

(Lagrange Superior Court Order dated December 4, 2019, DE 36-1).

After this Order was entered, Family Dollar filed a Notice of Supplemental Authority [DE 36] wherein it provided the above order to the Court and urged this Court to deny Cedar Chalet's Amended Motion to Dismiss. Cedar Chalet did not object to this filing nor did it file any response to Family Dollar's Notice of Supplemental Authority.

## APPLICABLE STANDARD

Federal Rule of Civil Procedure 12(b)(7) provides that a party may assert by motion the defense of failure to join a party under Federal Rule of Civil Procedure 19. Rule 19(a) provides, in relevant part:

> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

3

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a) (emphasis added); *see also Crane v. N. Salem State Bank*, No. 1:10–CV–561, 2011 WL 837187, at *3 (S.D.Ind. Mar. 8, 2011) (quoting *Thomas,* 189 F.3d at 667; Fed. R. Civ. P. 19(a)). "The purpose of Rule 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Askew v. Sheriff of Cook Cty.*, 568 F.3d 632, 634 (7th Cir.2009).

When evaluating a Rule 12(b)(7) motion, the Court accepts all well-pleaded allegations in the complaint as true and may consider extrinsic evidence. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n. 4 (7th Cir.2001). The movant bears the burden of demonstrating that the absent party is necessary and indispensable. *United States v. Sullivan*, No. 10 CR 821, 2016 WL 1626622, at *4 (N.D.Ill. Apr. 21, 2016) (quoting *Ochs v. Hindman*, 984 F.Supp.2d 903, 906 (N.D.Ill.2013)). The Seventh Circuit Court of Appeals has cautioned that dismissal for failure to join a party "is not the preferred outcome under the Rules." *Askew*, 568 F.3d at 634.

Analysis of a Rule 12(b)(7) motion proceeds in two steps. First, the Court must determine whether a party is one that should be joined, if feasible, under Rule 19(a). *Askew*, 568 F.3d at 635; *Davis Cos.*, 268 F.3d at 481 (citing *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir.1999)). Second, if the Court determines that the party should be joined but cannot be for jurisdictional reasons, then the Court must determine whether the party is indispensable—that is—whether the

litigation can proceed in that party's absence under Rule 19(b). *Askew*, 568 F.3d at 635; *Davis*, 268 F.3d at 481.

## DISCUSSION

In its Amended Motion to Dismiss, Cedar Chalet asks this Court to dismiss Family Dollar's Complaint for two reasons. First, it asserts that because the State Action is pending and that action would resolve all the rights of all the parties involved, there is a risk of inconsistent judgments and resolutions if the Federal Action proceeds. Second, because the Federal Action fails to name Gould's, which Cedar Chalet asserts is an indispensable party, Cedar Chalet asserts that not all the rights and obligations of the parties can be resolved in the Federal Action.

Turning first to the contention that the competing State and Federal Actions create a risk inconsistent or incomplete judgments if both are permitted to proceed, this is really an issue of abstention. Indeed, although Cedar Chalet has not utilized the term "abstention" anywhere in its brief nor has it discussed this doctrine in its motion, that is, in essence, exactly what it seeks in its motion. It urges this court to dismiss Family Dollar's complaint due to a parallel proceeding in the Lagrange Superior Court. However, given the Lagrange Superior Court's December 4, 2019 Order dismissing Family Dollar from that suit, the issue and risk of competing state and federal actions against Family Dollar is now moot. Family Dollar is only a party in the Federal Action and thus, the resolution of its complaint in the Federal Action is separate from the issues being raised between Cedar Chalet and Gould's in the State Action. As a result, this Court shall not abstain from hearing this Federal Action.

As for the argument that Gould's is an indispensable party pursuant to Fed.R.Civ.P. 19, this too fails. Cedar Chalet has not made a sufficient showing in this Court that Gould's is an indispensable party to the legal issues regarding the Lease Agreement in this suit. Gould's is not

litigation can proceed in that party's absence under Rule 19(b). *Askew*, 568 F.3d at 635; *Davis*, 268 F.3d at 481.

## DISCUSSION

In its Amended Motion to Dismiss, Cedar Chalet asks this Court to dismiss Family Dollar's Complaint for two reasons. First, it asserts that because the State Action is pending and that action would resolve all the rights of all the parties involved, there is a risk of inconsistent judgments and resolutions if the Federal Action proceeds. Second, because the Federal Action fails to name Gould's, which Cedar Chalet asserts is an indispensable party, Cedar Chalet asserts that not all the rights and obligations of the parties can be resolved in the Federal Action.

Turning first to the contention that the competing State and Federal Actions create a risk inconsistent or incomplete judgments if both are permitted to proceed, this is really an issue of abstention. Indeed, although Cedar Chalet has not utilized the term "abstention" anywhere in its brief nor has it discussed this doctrine in its motion, that is, in essence, exactly what it seeks in its motion. It urges this court to dismiss Family Dollar's complaint due to a parallel proceeding in the Lagrange Superior Court. However, given the Lagrange Superior Court's December 4, 2019 Order dismissing Family Dollar from that suit, the issue and risk of competing state and federal actions against Family Dollar is now moot. Family Dollar is only a party in the Federal Action and thus, the resolution of its complaint in the Federal Action is separate from the issues being raised between Cedar Chalet and Gould's in the State Action. As a result, this Court shall not abstain from hearing this Federal Action.

As for the argument that Gould's is an indispensable party pursuant to Fed.R.Civ.P. 19, this too fails. Cedar Chalet has not made a sufficient showing in this Court that Gould's is an indispensable party to the legal issues regarding the Lease Agreement in this suit. Gould's is not

litigation can proceed in that party's absence under Rule 19(b). *Askew*, 568 F.3d at 635; *Davis*, 268 F.3d at 481.

## DISCUSSION

In its Amended Motion to Dismiss, Cedar Chalet asks this Court to dismiss Family Dollar's Complaint for two reasons. First, it asserts that because the State Action is pending and that action would resolve all the rights of all the parties involved, there is a risk of inconsistent judgments and resolutions if the Federal Action proceeds. Second, because the Federal Action fails to name Gould's, which Cedar Chalet asserts is an indispensable party, Cedar Chalet asserts that not all the rights and obligations of the parties can be resolved in the Federal Action.

Turning first to the contention that the competing State and Federal Actions create a risk inconsistent or incomplete judgments if both are permitted to proceed, this is really an issue of abstention. Indeed, although Cedar Chalet has not utilized the term "abstention" anywhere in its brief nor has it discussed this doctrine in its motion, that is, in essence, exactly what it seeks in its motion. It urges this court to dismiss Family Dollar's complaint due to a parallel proceeding in the Lagrange Superior Court. However, given the Lagrange Superior Court's December 4, 2019 Order dismissing Family Dollar from that suit, the issue and risk of competing state and federal actions against Family Dollar is now moot. Family Dollar is only a party in the Federal Action and thus, the resolution of its complaint in the Federal Action is separate from the issues being raised between Cedar Chalet and Gould's in the State Action. As a result, this Court shall not abstain from hearing this Federal Action.

As for the argument that Gould's is an indispensable party pursuant to Fed.R.Civ.P. 19, this too fails. Cedar Chalet has not made a sufficient showing in this Court that Gould's is an indispensable party to the legal issues regarding the Lease Agreement in this suit. Gould's is not

a party to the Lease Agreement between Cedar Chalet and Family Dollar nor are the rights and obligations of Family Dollar and Cedar Chalet affected by the outcome of the State Action. Moreover, the Lagrange Superior Court specifically determined that Gould's was not an indispensable party in the dispute between Family Dollar and Cedar Chalet. Thus, the issues to be decided in the Federal Action can be decided without the involvement of Gould's.

While Cedar Chalet urges that the outcome of the negligence proceeding in the State Action might have some bearing on its obligations under the Lease Agreement, that argument hinges entirely on the concept that Gould's may be determined to have some obligation to indemnify Cedar Chalet for the damages it owes to Family Dollar caused by the fire. It asserts that for this reason "complete relief" as contemplated by Rule 19 cannot be obtained in this Court without the addition of Gould's.

The term "complete relief" refers solely to whether the relief between the persons already parties is possible without the addition of the absent person. *See Davis*, 268 F.3d at 481. Here, whether there "might" be some indemnity issue that arises between Gould's and Cedar Chalet is an entirely separate issue from the contract issues to be decided between Family Dollar and Cedar Chalet at issue in the Federal Action. Here, the parties' rights and obligations under the Lease Agreement can be fully resolved and complete relief obtained between the parties to this suit without the joining of Gould's. Moreover, there is no duplication of effort between the proceedings because the State Action is solely a negligence action against Gould's while the Federal Action sounds in contract. Regardless of the outcome in this Court on the contract issues, the parties will have a complete resolution of the contract issues brought in the Federal Action. Thus, Family Dollar and Cedar Chalet can obtain "complete relief" without the addition of Gould's. The Amended Motion to Dismiss is therefore DENIED.

## **CONCLUSION**

Based on the foregoing, Cedar Chalet's Amended Motion to Dismiss [DE 22] is DENIED.

Entered: This 3rd day of February, 2020.

s/William C. Lee<br>
United States District Court